## EDMISON v. ZBOROWSKI.

1. Defendant authorized Y. to negotiate with plaintiff for the purchase of real estate, and he submitted to plaintiff a writing dictated by defendant, and signed "Y., Agent for" defendant, offering to pay a certain amount for the property; plaintiff to furnish a complete abstract of title "to be approved by me," showing the property clear of incumbrances or

clouds; plaintiff to give possession on or before September 10th. Plaintiff accepted the offer, and procured, and, at defendant's request, delivered for examation to defendant's attorney, an abstract, which was returned the evening of September 9th, though examination had been completed several days before, with numerous objections thereto, and further objections September 10th, with notice that, unless an abstract showing title free from all reasonable doubt was furnished that day, the offer would end. Y. approved of the abstract September 10th, and on the same day plaintiff presented to defendant the abstract and a deed, and offered to give possession that day, and forthwith to remove all objections to the abstract, and, at time of payment of purchase money, to discharge a mortgage, release of which plaintiff had ready to go on record, or to allow defendant to retain enough of the purchase price to satisfy all liens till the same were removed, which was to be done immediately, without cost to the defendant, as soon as the proper entries on the records and abstracts could be made. *Held,* that plaintiff was entitled to a decree for specific performance, requiring him, however, to furnish satisfactory title.

2. A wife who joins in an acceptance of an offer for her husband's property, and in a deed tendered to the person making the offer, is not a necessary party plaintiff in an action for specific performance.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Minnehaha county. Hon. D. HANEY, Judge.

Action to enforce the specific performance of a contract. Plaintiff had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates,* for appellant.

There is a defect of parties. The plaintiff's wife is equally interested in the family homestead, and is a necessary party in all actions affecting the same. Clark v. Koenig (Neb.), 54 N. W. 842; Donner v. Rodenbaugh (Ia.), 16 N. W. 127; Cogswell v. Harrington, 24 N. W. 266; Hall v. Loomis, 30 N. W. 374; Thines v. Stumpff, 5 Pac. 43. The plaintiff's wife was the actual owner of the personal property in question and filed her schedule of personalty, claiming it as her separate personal property and the real property as her homestead. She was, therefore, one of the real parties in interest, and should have been joined as plaintiff. § 4870, Comp. Laws. Where a contract is jointly

executed by two parties, both are necessary parties in an action upon the same. Searles v. Reed, 29 N. W. 884; Thompson v. Gable, 16 Pac. 713. The title to the property was not satisfactory to the defendant, nor was the abstract approved by her, and she was, therefore, not obliged to accept the property under the terms of the contract. Silsby v. Town, 24 Fed. 893; Plano Mfg. Co. v. Ellis, 35 N. W. 841; Singerly v. Thayer, 2 Atl. 231; McLarren v. McNulty, 7 Gray 139; Brown v. Foster, 113 Mass. 136; Zalinski v. Clark, 44 Conn. 218; Church v. Shanklin, 17 L. R. A. 217. See, also, Walkerly v. Inhabitants, 16 Gray 193; O'Dea v. Winona, 43 N. W. 97; 22 Am. & Eng. Eng. Law, 957–62; Green v. Russell, 61 N. W. 885; Arne v. Liscombe, 76 Va. 404. An abstract should contain the material parts of all deeds and documents and the substance of all decrees and judicial proceedings affecting the title, thus making an examination of the records unnecessary; should satisfy every reasonable inquiry; and the party receiving the same is not bound to go beyond it. Taylor v. Williams, 31 Pac. 504; Kane v. Rippey, 23 Pac. 180; Smith v. Taylor, 23 Pac. 217. It was also the duty of plaintiff to furnish a marketable title, free from reasonable doubt. § 3935, Comp. Laws; 22 Am. & Eng. Ency. Law, 498; Irving v. Campbell, 121 N. Y. 353; McCrosky v. Ladd, 28 Pac. 216. A tender of a deed while the premises are encumbered by mortgage has no effect. Smith v. Schiele (Cal.), 28 Pac. 857; Hinckley v. Smith, 51 N. Y. 21; Moody v. Ry. Co., 32 Pac. 751. The party attempting to enforce the specific performance of a contract must have a good title at the time the contract is to be executed, and must tender such title prior to the institution of the suit. If the title is not good at the time set for the consummation of the purchase, the vendee is not bound to accept it. Richmond v. Gray, 3 Allen 25; Hero v. Block, 11 So. 821; Moranz v. Townsend, 5 Phila. 357; Taylor v. Williams, 31 Pac. 504; Lutz v. Compton, 46 N. W. 889; Easton v. Montgomery, 27 Pac. 280; Duluth L. & L. Co. v. Kloovdahl, 56 N. W. 1119; Townshend v. Goodfellow,

41 N. W. 1056; Austin v. Barnum, 53 N. W. 1132; Gregory v. Christine, 44 N. W. 202; McCroskey v. Ladd, 28 Pac. 216; Comp. Laws, § 4364.

*Wm. A. Wilkes,* for respondent.

The plaintiff, so far as the record shows, was always ready and able to remove every objection urged, but the defendant refused the opportunity to have this done, and no evidence was introduced showing a depreciated value by reason of defects in title. Warville on Vendors, pp. 50, 303; Vorght v. Williams, 120 N. Y. 257. The plaintiff has placed himself in a position to be protected by a court of equity. Warville on Vendors, 774, 775; Oakey v. Cook, 7 Atl. 495; Wright v. Young, 6 Wis. 128; Breitenback v. Turner, 18 Wis. 155; Jenkins v. Fahey, 28 N. Y. 359; Hart v. Brand, 10 Am. Dec. 715; 22 Am & Eng. Encyc. Law, 929, 1040. It would have been idle to have paid off the mortgage in the face of defendant's refusal to carry out the contract. 22 Am. & Eng. Encyc. Law, 1041; Hapwood v. Corbin, 18 N. W. 913; Veeder v. McMurray, 29 N. W. 878; Brown v. Eaton, 21 Minn. 411; Deichman v. Deichman, 49 Mo. 107. Plaintiff's wife was not a necessary party. Warville on Vendors, 767, 768, 775; 22 Am. & Eng. Encyc. Law, 945, note 2; 960, 1046; Mason v. Caldwell, 48 Am. Dec. 335; Church v. Matt, 32 Ind. 613.

FULLER, J. This action, to enforce specific performance of a contract to purchase real and personal property, consisting of a residence and certain household furniture, resulted in a judgment for plaintiff, from which, and from an order overruling a motion for a new trial, the defendant appeals.

On the 10th day of August, 1891, by an instrument in writing, signed by appellant, and delivered to her agent, I. E. Youngblood, the latter was authorized to negotiate with respondent for the purchase of the property mentioned in the complaint, a discription and schedule of which were, by the direction and with the approval of appellant, submitted to re-

spondent, together with an offer in writing dictated by appellant, the essential part of which is as follows: "I will give you $12,500 in cash, you to furnish at your own expense a complete abstract of title, to be approved by me, showing the property absolutely clear of incumbrances or clouds of any nature, to date of transfer; you to give possession on or before the 10th day of September, 1891. Or I will give you $12,000 for the aforesaid property without any furniture or gas fixtures, except the mantel, which I consider a part of the house. This offer is subject to a commission of $500 to me as agent, to be paid out of the purchase money when deal is closed. This offer is good till noon, Tuesday, August 11th, 1891. I. E. Youngblood, Agent for Madam De Stuers." Upon this same paper and within the required time, the foregoing proposition was by respondent and his wife accepted, as follows. "We hereby accept the first part of this proposition, that is, for the ground and appurtenances, together with this list of furnishings $12,500. P. H. Edmison. Margaret Edmison." About 10 days later, respondent procured, and, at appellant's request, deliverered for examination to her attorney, an abstract of title, which was retained until the evening of September 9, 1891, when the same was returned with specifications of numerous objections thereto. On the following day, respondent's agent, Youngblood, over his signature, indorsed upon said abstract the following: "I hereby approve the within abstract of title as being good in Percival H. Edmison." And, on the same day, appellant's attorneys notified respondent of other defects and clouds: and that the abstract and title were not satisfactory; and that unless a satisfactory abstract and title to the premises showing the same free from all reasonable doubt, were furnished before the close of the day, the offer to purchase theretofore made would end, and become utterly null and void; and that appellant would thereafter decline to accept or purchase the property. On the same day, respondent presented to appellant the abstract of title and a deed executed by himself and

wife, containing full covenants of warranty, and also a writing in which he expressed his entire readiness and ability to surrender upon that day to appellant the actual possession and control of the property, and to forthwith remove all objections made to the abstract and title by counsel for appellant that had not already been obviated, many of which were declared to be trivial in character, and, at the time of the payment of the purchase price, to discharge a mortgage existing thereon, the release of which was in the possession of respondent, ready to go on record, or to allow appellant to retain a sum sufficient to satisfy all liens until the same were entirely removed, which was to be done immediately, without cost to appellant, as soon as the proper entries upon the public records and abstract of title could be made. It appears from the evidence, and the referee before whom the case was tried, found in effect, that appellant, through her authorized agent, Youngblood, had on the morning of September 10th, previous to this attempt to conclude the transaction, stated, when informed that any existing defect in the title could be easily remedied, that appellant did not want the property anyway, and did not intend to take it.

While the various objections urged as defects in the title to the property in controversy have been carefully considered, and all the evidence before the referee has been regardfully examined in its relation to the issues presented, and with reference to the objections interposed thereto at the time of its introduction, the view which we are disposed to take of the case leads us to conclude that a discussion of the specific objections to the abstract of title or to the introduction of evidence would greatly extend the length of this opinion, and be serviceable to none.

As a conclusion of law, the referee found, in effect, that respondent, by offering, on the 10th day of September, 1891, to fully perform his contract, by a conveyance and delivery of the property, and by paying, satisfying, removing and discharging of record all liens upon the same, and alleged defects in the

title, thereto, and by offering to have the abstract continued at his own expense, so that the same would show a marketable title in appellant, free from all reasonable doubt, and by being able and ready so to do at the time of the trial, was entitled to the equitable relief granted; and as time was not of the essence of the contract, and in view of the authorized declaration of appellant that she would not take the property in any event, and the further fact that the examination of title by her attorney was practically concluded several days before the abstract was returned to respondent with his objections thereto, the number and nature of which rendered the removal thereof impossible within the time allowed, we are disposed to believe that, under the circumstances, respondent ought to have had a reasonable time, after the return of the abstract, within which to effect the removal of said objections, so far as the same were material.

The referee found, as a matter of law, that appellant was bound by the approval of the abstract by her agent, Youngblood; and when the same is considered with the written offer to purchase, executed in the presence of and by the direction of appellant, and in wich she expressly promised and agreed to pay the consideration mentioned therein upon the furnishing of a complete abstract of title, to be approved by said Youngblood showing the property to be absolutely clear from clouds or incumbrances at the date of the transfer, we are inclined to concede that such finding ought not to be disturbed.

As it was rightfully found by the referee, and by the court adjudged, that respondent's title was in such condition that he would have been able to perform his contract within the specified time, had the abstract, together with the objections thereto, been returned by appellant without unnecessary delay, a decree in equity which fully protects appellant, and requires specific performance upon the part of respondent, before appellant is required to pay any part of the consideration, ought not to be disturbed. Appellant's conduct

in withholding from respondent the abstract of title until the evening of September 9th, when the same was returned with numerous objections, and the statement that the title was not satisfactory, and that she would not take the property, when considered with other facts and circumstances in evidence, indicates a disposition on her part to avoid the contract by making it impossible for respondent to remove all of her objections to the title within the time specified in the written contract. While the decree relieves the respondent from the effect of appellant's efforts to avoid the contract, her interests are so fully protected and carefully guarded that she is required to accept nothing short of a title free from reasonable doubt; and unless respondent holds himself in readiness and is able to furnish a title satisfactory to appellant, or one that the court will approve as perfectly in accord with the contract between the parties and the decision of the court before whom the case was tried, she is not required to perform, and, by terms of the decree, the contract must be delivered up for cancellation.

Counsel's contention that there is a defect of parties, for the reason that respondent's wife, whose name appeared with that of her husband upon the acceptance of the offer, and who had joined him in the execution of the deed tendered to appellant, and brought into court for her acceptance, was not made a party plaintiff, is not supported by authorities which would require her to be made a party defendant in an action by appellant to enforce specific performance on the part of respondent. The contract being fully executed so far as respondent's wife was concerned, it is very obvious that she was not a necessary party plaintiff.   McKinney v. Jones, 55 Wis. 39, 11 N. W, 606 and 12 N. W. 381.

As previously observed, it would serve no useful purpose to state the evidence and the objections to the introduction thereof, nor is it necessary to discuss the tardy objections which appellant's examiner made to the abstract of title. The

record presents no reversible error, and as the relief granted is proper, and clearly within the power of a court of equity, the judgment appealed from is affirmed.

HANEY, J., taking no part in the decision.