## PECK v. ZBOROWSKI.

A decree in a suit to compel specific performance of a contract to purchase realty required defendant to perform on condition that complainant furnish an abstract of the property, showing it clear of all liens, that if defendant on complainant's compliance with such condition, failed to perform, complainant might sell the property as at execution sale to produce a fund to pay the purchase price, and that, if the property sold for less than such price a deficiency judgment might be had. Complainant without attempting to remove clouds on the title, or furnishing any abstract as required, executed and recorded a deed, and thereafter sold the land, and secured a deficiency decree; no notice being given to defendant, until service of a notice of application to confirm the sale. *Held,* the complainant having failed to comply with the requirements of the decree, defendant was under no obligation to perform, and hence it was error to deny defendant's motion to set aside the sale and order of confirmance.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Suit by Porter P. Peck against Margaret Zborowski. From a judgment in favor of complainant, defendant appeals. Reversed.

*A. B. Kittredge* and *Davis, Lyon & Gates,* for appellant.

*William A. Wilkes,* for respondent.

FULLER, P. J. In Edmison v. Zborowski, 9 S. D. 40, 68 N. W. 288, may be found facts essential to a complete understanding of this case, as formerly presented on appeal from a decree in equity requiring appellant to specifically perform a contract to purchase real property upon the following, among other, conditions to be performed by respondent: "That the

plaintiff furnish for defendant an abstract of title to said prop-
erty, showing said property to be free and clear of all mort-
gages, incumbrances, liens and judgments. and disclosing
thereby a full and perfect title in plaintiff to date of transfer;
said abstract of title to be settled and approved by the court in
case the parties shall differ respecting the same.   That the de-
fendant is entitled to have at this time, and at the date of trans-
fer to receive from the plaintiff. a marketable title to said prop-
erty, free from reasonable doubt, as against judgments. incum-
brances, or liens of any character now existing, and that may
have arisen or occurred since the date of the trial of this ac-
tion.   *   *   *   And if the plaintiff fail to furnish such market-
able title; to be so accepted or approved, then he shall be
barred of his right to a specific performance of the said con-
tract, and the same be delivered up to be canceled."   Without
passing upon, or in any manner noticing, any of the numerous
objections to the abstract of title urged by counsel for appel-
lant, and which respondent had not, in our opinion, been given
a sufficient opportunity to remove, we held, in affirming the ac-
tion of the lower court, that:   "A decree in equity which fully
protects appellant. and requires specific performance upon the
part of respondent before appellant is required to pay any part
of the consideration, ought not to be disturbed.·   *   *   *   And
unless respondent holds himself in readiness and is·able to fur-
nish a title satisfactory to appellant, or one that the court will
approve as perfectly in accord with the contract between the
parties, and the decision of the court before whom the case was
tried, she is not required to perform, and by the terms of the
decree the contract must be delivered up for cancellation."   By
the decree thus affirmed on appeal, respondent, after fully

complying with its terms, was authorized, upon appellant's failure or refusal to comply therewith, to sell the premises at public auction, and in the same manner and upon like notice as in case of the sale of real property upon execution, for the purpose of producing a fund with which to pay the agreed purchase price, together with costs; and, in case said property should sell for less than the contract price, a deficiency judgment was authorized. Soon after the affirmance of the foregoing decree it appears from the record now before us that Edmison, without attempting to remove any of the defects complained of, or clouds upon the title which had arisen subsequent to the entry of such decree, in the nature of judgments, interest, and taxes, executed a deed, which he caused to be recorded, without submitting the same to either the court or appellant for approval, and no notice whatever was given her. Thereafter he caused the property to be sold on execution, and the same was bid off by his attorney for $100, subject to a certain mortgage lien of more than $6,000, leaving a deficiency of about $6,000, for which amount the judgment involved in this appeal was entered. Prior to the service of a notice of an application to the court for an order confirming the sale and entry of the deficiency judgment, no notice whatever had been given to appellant and no abstract or other evidence of title had been submitted to either appellant, her attorney, or the court. Having failed to comply with these material provisions of the decree, by furnishing the abstract and title required, appellant was under no obligations to perform the contract upon her part, and the same should have been delivered up for cancellation. As the case stands, it would serve no material purpose to specify the particulars wherein the title is substantially de-

fective, and, without further discussion, we conclude that the court erred in denying appellant's motion to set aside the deficiency judgment, together with the order confirming the sale. The judgment appealed from is therefore reversed, and the case remanded for further proceedings consistent with the view herein expressed.

HANEY, J., not sitting.